UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| JERALD M. BUSEMAN; DONNA | ) | |
| BUSEMAN; CITIZENS BANK; | ) | |
| CITIBANK SOUTH DAKOTA, N.A.; | ) | |
| CITIMORTGAGE; and COULEE | ) | |
| BANK f/k/a PINEHURST BANK, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, the United States of America, for its complaint, alleges as follows:

1.      This is a civil action brought by the United States of America pursuant to 26

U.S.C. §§ 7401 and 7403 and 28 U.S.C. § 3201(f)(1) to foreclose federal tax liens and a

judgment lien upon certain real property described in this complaint.

2.      Pursuant to 26 U.S.C. §§ 7401 and 7403, this action has been authorized by

the Internal Revenue Service ("IRS") and is brought at the direction of the Attorney

General of the United States.

## JURISDICTION AND PARTIES

3.      The Court has jurisdiction over this action pursuant to 26 U.S.C. §§ 7402

and 7403 and 28 U.S.C. §§ 1340 and 1345.

4.      Venue is proper in the District of Minnesota pursuant to 28 U.S.C. § 1396

because it is the district where the real property at issue is located.

5.      Defendant Jerald M. Buseman, whose federal tax liabilities are the subject of this action, resides in Burnsville, Minnesota, within this judicial district. Defendant Jerald M. Buseman is indebted to the United States as set forth in the judgment entered against him on May 21, 2001, in *United States v. Jerald M. Buseman*, No. 99-cv-1910-DSD-JMM (D. Minn.).

6.      Defendant Donna Buseman is named as a party to this action because she is the current title holder of the real property at issue in this case and held title to fifty percent of that real property at the time the federal tax liens sought to be foreclosed arose.

7.      Defendant Citizens Bank is named as a party to this action because it may claim an interest in the real property based on a mortgage recorded on or about August 7, 2002.

8.      Defendant CitiBank South Dakota N.A. is named as a party to this action because it may claim an interest in the real property based on a judgment recorded on or about October 28, 2003.

9.      Defendant CitiMortgage is named as a party to this action because it may claim an interest in the real property through a mortgage identified as loan number 0001165584.

10.     Defendant Coulee Bank f/k/a/ Pinehurst Bank is named as a party to this action because it may claim an interest in the real property through a mortgage between Pinehurst Bank and Jerald M. Buseman and Donna Buseman, recorded with the County

2

Recorder for Dakota County, Minnesota on or about January 13, 2009, as document

number 2630745.

11.     The United States seeks to foreclose its federal tax liens on real property

located at 12800 Welcome Lane, Burnsville, Minnesota, 55337, in Dakota County,

Minnesota (the "Property"), within this judicial district, described as follows:

> Lot Eight (8), Block Two (2), Walden 1st Addition, according to the
> recorded plat thereof. Subject to restrictions, reservations and easements of
> record if any.

Jerald M. Buseman and Donna Buseman obtained the Property through warranty deed

recorded on or about June 25, 1973.

## COUNT I
## LIEN FORECLOSURE

12.     The United States realleges and incorporates herein by reference the

allegations made in paragraphs 1 through 11 above.

13.     The IRS made the following assessments of federal trust-fund-recovery

penalties under 26 U.S.C. § 6672 against Jerald M. Buseman on the following dates:

| Quarter | Assessment Date | Amount Assessed |
| --- | --- | --- |
| First Quarter 1988 | 12/22/1989 | $72,670.62 |
| Fourth Quarter 1992 | 12/28/1995 | 121,825.15 |
| | | Total Assessed: $194,495.77 |

14.     Despite proper notice and demand for payment of the assessments described

above in paragraph 13, Jerald M. Buseman failed to pay the amounts assessed against

him. As of November 1, 2011, the current amounts owed by Jerald M. Buseman on the assessments for the First Quarter of 1988 and the Fourth Quarter of 1992 are $408,150.44 and  $325,326.91, respectively.

15.     As a result of the failure of Jerald M. Buseman to satisfy the assessments described above in paragraph 13, federal tax liens arose pursuant to 26 U.S.C. §§ 6321 and 6322 as of the dates of the assessments and these tax liens attached to all property and rights to property then owned or thereafter acquired by Jerald M. Buseman, including the Property at issue in this case.

16.     A Notice of Federal Tax Lien against Jerald M. Buseman regarding his federal trust-fund-recovery penalties for the First Quarter of 1988 was filed with the Dakota County Clerk on or about April 3, 1990 and November 1, 1995, and re-filed on or about May 27, 2009.

17.     A Notice of Federal Tax Lien against Jerald M. Buseman regarding his federal trust-fund-recovery penalties for the Fourth Quarter of 1992 was filed with the Dakota County Clerk on or about May 24, 1996 and November 6, 1997, and re-filed on February 28, 2005.

18.     The federal tax liens described above attached to the Property.

19.     Jerald M. Buseman and Donna Buseman granted a mortgage to Cannon Valley Bank in the amount of $100,874.50 through a document filed with Dakota County on June 27, 1997 (the "Cannon Mortgage"). Cannon Valley Bank was subsequently known as Valley Bank Dundas, and then as Frandsen Bank and Trust.

4

20.     On November 30, 1999, the United States filed a Complaint, *United States v. Jerald M. Buseman*, No. 99-cv-1910-DSD-JMM (D. Minn.) ("*Buseman I*"), to reduce to judgment the assessments described above in paragraph 13 and to foreclose the related federal tax liens on the Property.

21.     On May 3, 2001, the United States, pursuant to Federal Rule of Civil Procedure 41(a)(1), stipulated to dismiss without prejudice Count II of the Complaint in *Buseman I*, which sought to foreclose the federal tax liens on the Property. (*Buseman I*, docket no. 39.)

22.     On May 18, 2001 the United States and Jerald M. Buseman filed a stipulation that judgment be entered against Jerald M. Buseman for the amount of $194,495, plus interest accruing from the dates of assessment, based on the assessed amounts described above in paragraph 13.

23.     On May 21, 2001, the Court entered judgment against Jerald M. Buseman for the amount of $194,495, plus interest accruing from the dates of assessment. The judgment did not state the amount of the interest that had accrued from the dates of assessment to the date of the judgment.

24.     The United States filed an abstract of judgment pursuant to 28 U.S.C. § 3201 with the County Recorder for Dakota County, Minnesota on February 7, 2005, as document number 2293389, with respect to the judgment in its favor in the amount of $194,495, plus interest accruing from the dates of assessment, obtained in *Buseman I*.

25.     In 2005, Frandsen Bank and Trust began foreclosure proceedings on the Property under the terms of the Cannon Mortgage.

26.     On or about April 20, 2005, a sheriff's sale was held, and Frandsen Bank and Trust was the successful bidder for Property.

27.     The federal tax liens were senior to the Cannon Mortgage, and foreclosure of that mortgage did not extinguish the senior tax liens on the Property.

28.     On or about November 23, 2005, Frandsen Bank & Trust conveyed title to the Property to Donna Buseman through a quit claim deed recorded in Dakota County, Minnesota as document number 2383722.  Donna Buseman obtained title to the Property subject to the federal tax liens and the judgment lien related to *Buseman I.*

29.     By document recorded with the Dakota County Recorder on January 13, 2009, Jerald M. Buseman and Donna Buseman granted a mortgage on the Property to Pinehurst Bank. The federal tax liens and the judgment lien are senior to this mortgage.

30.     Defendant Jerald M. Buseman has failed to satisfy the judgment entered against him in *Buseman I.*

31.     The United States seeks to enforce its federal tax liens and judgment lien against the Property, and seeks an order that the Property be sold and the proceeds from such sale be distributed in accordance with the Court's findings as to the validity and priority of the liens and claims of all the parties to this action.

WHEREFORE, the United States requests entry of judgment in its favor as follows:

(a)    that the Court enter a declaratory judgment determining that the United States has valid federal tax liens on the Property described above in paragraph 11;

(b)    that the Court enter judgment foreclosing the federal tax liens described herein on the Property described above in paragraph 11 and order that the Property be sold with the proceeds paid to the United States towards satisfaction of Jerald M. Buseman's tax liabilities described in paragraph 13;

(c)    that the Court enter a declaratory judgment determining that the United States, by virtue of the judgment and abstract of judgment described above, has valid and subsisting liens which attach to all real property of Jerald M. Buseman, including the Property that is the subject of this suit;

(d)    that the Court enter judgment foreclosing the judgment lien described herein on the Property described above in paragraph 11 and order that the Property be sold with the proceeds paid to the United States towards satisfaction of the United States' judgment against Jerald M. Buseman;

(e)    that the Court order that the defendants set forth their claims to and interest in the Property, and that the Court determine and adjudge the priority of the interests and claims of the parties in the Property;

(f)     that the Court award the United States the ten percent surcharge permitted under Section 3011 of the Federal Debt Collection Procedures Act, 28 U.S.C. § 3101, *et seq.*; and

(g)     that the Court award to the United States its costs and such other and further relief as the Court deems just and proper.

Dated: November 7, 2011

B. TODD JONES
United States Attorney

 s/ Daniel A. Applegate
DANIEL A. APPLEGATE
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 7238, Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 353-8180
Fax: (202) 514-6770

Attorneys for Plaintiff,
United States of America